T.C. Memo. 2017-19

UNITED STATES TAX COURT

CHRISTIAN CHUKWUEMEKA IBEAGWA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19914-14.                         Filed January 26, 2017.

Christian Chukwuemeka Ibeagwa, pro se.

<u>Julie A. Schwoebel</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, <u>Judge</u>:  Respondent determined a deficiency of $4,664 in

petitioner's Federal income tax for his taxable year 2011.  The issue for decision is

whether petitioner is entitled to a refundable fuel tax credit under section 34(a)(3)[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

[*2] with respect to certain propane purchases that he claimed he made. The Court holds that he is not.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioner resided in Wisconsin when he timely filed the petition.

Throughout the period 2004 through 2010, petitioner volunteered as a grant writer, adult educator, and Sunday school teacher for the Unity Church of God in Christ (Unity Church) in Chicago, Illinois. Throughout that period and 2011, Unity Church was an organization described in section 501(c)(3) and exempt from tax under section 501(a). In 2011 petitioner moved to Wisconsin and no longer actively volunteered at Unity Church.

On December 14, 2009, January 4, 2010, and February 1, 2010, petitioner purchased certain unidentified goods and/or certain unidentified services from Tulsa Power Service. Tulsa Power Service sold fuel and propane, and serviced trucks. Petitioner did not purchase any propane in 2011.

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for each of his taxable years 2005, 2006, 2007, 2008, 2009, 2010, and 2011. Petitioner did

---

[1](...continued)
Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*3]** not include a Form 4136, Credit for Federal Tax Paid on Fuels, with his 2005 return, 2006 return, 2007 return, 2008 return, or 2009 return. Nor did petitioner claim a refundable fuel tax credit under section 34(a)(3) in any of those returns. In addition, petitioner did not file Form 1040X, Amended U.S. Individual Income Tax Return, for any of his taxable years 2005, 2006, 2007, 2008, and 2009.

Petitioner included with his 2011 return Form 4136, in which he claimed a refundable fuel tax credit of $4,916. On March 16, 2012, petitioner filed an amended return for his taxable year 2011 (2011 amended return). In his 2011 amended return, petitioner claimed as "Refundable Credits from Forms 4136" $4,664, which was $252 less than the amount of the refundable fuel tax credit that he had claimed in his 2011 return.

Petitioner included with his 2011 amended return five Forms 4136, one with respect to each of his taxable years 2005, 2006, 2007, 2008, and 2009. In those Forms 4136, petitioner claimed the previous years' refundable fuel tax credits as follows:

[*4]

| Form 4136 | Amount of claimed credit |
|---|---|
| 2005 | $732 |
| 2006 | 985 |
| 2007 | 982 |
| 2008 | 982 |
| 2009 | 983 |
| Total | 4,664 |

On July 24, 2013, the Internal Revenue Service froze the refund of $4,664, the amount of the refundable fuel tax credit that petitioner had claimed in his 2011 amended return.

Respondent issued a notice of deficiency to petitioner for his taxable year 2011 disallowing the $4,664[2] refundable fuel tax credit he had claimed in his 2011 amended return.

OPINION

Respondent determined in the notice of deficiency that petitioner is not entitled to the refundable fuel tax credit he claimed for his taxable year 2011. The

_____

[2]On brief, petitioner conceded $3,861 of the $4,664 of "Refundable Credits from Forms 4136" that he claimed in his 2011 amended return and that were shown in his 2005 Form 4136, 2006 Form 4136, 2007 Form 4136, and 2008 Form 4136, which he included with the 2011 amended return.

**[*5]** Court must decide whether petitioner is entitled to the refundable fuel tax credit. Petitioner bears the burden of establishing that the determination in the notice of deficiency is erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 34(a)(3) provides a credit equal to the amount payable to a taxpayer under section 6427 (determined without regard to section 6427(k)). Section 6427(a) provides in pertinent part that the amount payable to a taxpayer is equal to any tax imposed under section 4041(a)(2) on, inter alia, the sale of propane to a taxpayer if the taxpayer used that propane for a nontaxable purpose during the taxable year for which that taxpayer is claiming the credit. See sec. 6427(a), (k)(3); secs. 48.6427-1(a) through (c), 48.6427-3(a), 48.6427-5(a) and (b), Manufacturers & Retailers Excise Tax Regs.

As pertinent here, section 4041(a)(2) imposes a tax on the sale of propane in certain circumstances specified in that section. Section 4041(g) provides certain exemptions to the tax imposed by section 4041(a)(2). Section 4041(g)(4) provides in pertinent part that no tax is to be imposed on the sale of propane if (1) the

**[*6]** propane is sold to a nonprofit educational organization[3] or (2) a nonprofit educational organization uses the propane as a fuel.

Although not altogether clear, it appears that petitioner is attempting to use his 2011 amended return to claim a tax year 2009 refundable fuel tax credit of $983. That was the amount of the refundable fuel tax credit that he claimed in his 2009 Form 4136 and that he included with other amounts of refundable fuel tax credits which he claimed in his 2011 amended return. The Court has no jurisdiction over petitioner's taxable year 2009. The notice that respondent issued to petitioner upon which this case is based relates solely to petitioner's taxable year 2011.

In the event that the Court has misconstrued petitioner's position and he is not claiming a refundable fuel tax credit for his taxable year 2009, but instead he

---

[3]     SEC. 4041(g). Other Exemptions.-- * * *

*          *          *          *          *          *          *

For purposes of paragraph (4), the term "nonprofit educational organization" means an educational organization described in sec. 170(b)(1)(A)(ii) which is exempt from income tax under sec. 501(a). The term also includes a school operated as an activity of an organization described in sec. 501(c)(3) which is exempt from income tax under sec. 501(a), if such school normally maintains a regular faculty and curriculum and normally has a regularly enrolled body of pupils or students in attendance at the place where its educational activities are regularly carried on.

[*7] is claiming a refundable fuel tax credit for his taxable year 2011, the year at issue, the Court considers whether he is entitled to such a credit for his taxable year 2011.  In support of his entitlement to a refundable tax credit, petitioner relies on two bank statements from his personal bank account that show that on December 14, 2009, January 4, 2010, and February 1, 2010, he purchased certain unidentified goods and/or certain unidentified services from Tulsa Power Service.

The Court is satisfied from the review of petitioner's bank statements, and the Court has found, that petitioner purchased certain unidentified goods and/or certain unidentified services from Tulsa Power Service for the amounts and on the dates shown on those bank statements.  However, the Court is not satisfied from those bank statements or from any other reliable evidence in the record that petitioner made purchases of propane on December 14, 2009, January 4, 2010, and February 1, 2010, from that company.  Nor is the Court satisfied from petitioner's bank statements or from any other reliable evidence in the record that petitioner made any other purchases of propane that would entitle him to the refundable fuel tax credit of $983 that he is claiming.

Moreover, assuming arguendo that the Court had been satisfied on the record before us that petitioner made purchases of propane on December 14, 2009, January 4, 2010, and February 1, 2010, on that record, the Court would find that

**[*8]** petitioner has failed to carry his burden of establishing that Unity Church used any such propane in its educational program's space heaters or for any other purpose during petitioner's taxable year 2011, the year at issue.

On the record before us, the Court finds that petitioner has failed to carry his burden of establishing that he is entitled to a refundable fuel tax credit for his taxable year 2011.

The Court has considered all of the contentions and arguments of the parties that are not discussed herein and finds them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.